# EXHIBIT #4

THE STATE OF TEXAS § 

§ SEARCH WARRANT

COUNTY OF HARRIS §

TO THE SHERIFF OR ANY PEACE OFFICER OF HARRIS COUNTY TEXAS

GREETINGS:

    WHEREAS, Complaint in writing, under oath, has been made before me by <u>Detective Derek Israel</u>, a peace officer employed by <u>Austin Police Department</u>, and who is currently assigned to the <u>Homicide Division</u> division/department, with an address of <u>715 East State Street, Austin, Travis County, Texas</u>, which complaint is attached hereto and expressly made a part hereof for all purposes and said complaint having stated facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant;

    YOU ARE THEREFORE COMMANDED to forthwith search the place therein named, to wit: one white Samsung Galaxy Note 5, that has been broken into 3 larger pieces and multiple smaller pieces, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);

 

one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one black Samsung cellular "flip phone" telephone, labeled "T-Mobile", tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



which are currently located at the Harris County District Attorney's Office, located at 1201 Franklin Street, 5th floor, Houston, Harris County, Texas, and is owned by or was found in the possession of Chimene Onyeri with the authority to search for and to seize any and all evidence that may be found therein including, but not limited to: photographs/videos; text or multimedia messages (SMS and MMS); any call history or call logs; any e-mails, instant messaging, or other forms of communication of which said phone is capable; Internet browsing history; any stored Global Positioning System (GPS) data; contact information including e-mail addresses, physical addresses, mailing addresses, and phone numbers; any voicemail messages contained on said phone; any recordings contained on said phone; any social media posts or messaging, and any images associated thereto, including but not limited to that on Facebook, Twitter, and Instagram; any documents and/or evidence showing the identity of ownership and identity of the users of said described item(s); computer files or fragments of files; all tracking data and way points; CD-ROM's, CD's, DVD's, thumb drives, SD Cards, flash drives or any other equipment attached or embedded in the above described device that can be used to store electronic data, metadata, and temporary files.

YOU ARE FURTHER ORDERED to have a forensic examination conducted of any devices seized pursuant to this warrant to search for the items previously listed.

YOU ARE FURTHER ORDERED to have a forensic examination conducted using whatever data analysis techniques appear necessary to locate and retrieve the evidence described herein, even if those techniques render the device inoperable.

YOU ARE FURTHER ORDERED, pursuant the provisions of Article 18.10, Texas code of Criminal Procedures, to retain custody of any property seized pursuant to the Warrant, until further order of the Court or any other court of appropriate jurisdiction shall otherwise direct the manner of safekeeping of said property. The Court grants you leave and authority to remove such seized property from the county, if and only if such removal is necessary for the safekeeping of such seized property by you, or if the provisions of Article 18.10, T.C.C.P. otherwise authorize such removal.

YOU ARE FURTHER ORDERED to give notice to the Court, as part of the inventory to be filed subsequent to the execution of the Warrant, and as required by Article 18.10, T.C.C.P., of the place where the property seized hereunder is kept, stored, and held.

HEREIN FAIL NOT and due return make hereof.

WITNESS MY SIGNATURE on this the ___12th___ day of ___Nov.___ A.D. 20_15_ at _4:39_ O'clock, _P_.M.

_Jan Krocker_
(Signature)
JAN KROCKER
(Printed name)
MAGISTRATE/ DISTRICT JUDGE
Harris County, Texas
184th District Court

FILED
Chris Daniel
District Clerk
NOV 16 2015
Time:___
Harris County, Texas
By___ Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | | AFFIDAVIT |
| COUNTY OF HARRIS | § | |

I, Detective Derek Israel, a peace officer employed by Austin Police Department, and who is currently assigned to the Homicide Division division/department, with an address of 715 East State Street, Austin, Travis County, Texas, do solemnly swear that I have reason to believe and do believe that within: one white Samsung Galaxy Note 5, that has been broken into 3 larger pieces and multiple smaller pieces, and tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one black Samsung cellular "flip phone" telephone, labled "T-Mobile", tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



which are currently located in the Harris County District Attorney's Office, 1201 Franklin Street, 5th floor, Houston, Harris County, Texas and are owned by or were found in the possession of Chimene Onyeri, is property or items and information constituting evidence of the offense of an Attempted Capital Murder, items and information constituting evidence tending to show that a particular person committed the offense of an Attempted Capital Murder, and/or items and information that is an implement or instrument used in the commission of the crime of Attempted Capital Murder; including, but not limited to: photographs/videos; text or multimedia messages (SMS and MMS); any call history or call logs; any e-mails, instant messaging, or other forms of communication of which said phone is capable; Internet browsing history; any stored Global Positioning System (GPS) data; contact information including e-mail addresses, physical addresses, mailing addresses, and phone numbers; any voicemail messages contained on said phone; any recordings contained on said phone; any social media posts or messaging, and any images associated thereto, including but not limited to that on Facebook, Twitter, and Instagram; any documents and/or evidence showing the identity of ownership and identity of the users of said described item(s); computer files or fragments of files; all tracking data and way points; CD-ROM's, CD's, DVD's, thumb drives, SD Cards, flash drives or any other equipment attached or embedded in the above described device that can be used to store electronic data, metadata, and temporary files.

YOUR AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

Your Affiant, Detective Derek Israel, is a peace officer employed by Austin Police Department (APD), and who is currently assigned to the Homicide Division, with an address of 715 East State Street, Austin, Travis County, Texas. Affiant has been a law enforcement officer for approximately 22 years. Affiant has been a licensed Texas peace officer since 1994 and assigned to the APD Homicide Unit since 2012. During this time your Affiant has investigated numerous murder cases. Affiant has had experience in investigating crimes in which electronic data stored within cellular telephones have assisted in providing evidence of criminal offenses, identifying suspects of criminal offenses, and/or was as an implement and instrument used during the commission of a criminal offense.

On November 6, 2015, Affiant was assigned as the Lead Homicide Detective of the Austin Police Department, Incident Report Number 2015-3101943, involving a shooting that had occurred at ▇▇▇▇▇▇▇▇ Drive, Austin, Travis County, Texas. Affiant has spoken to APD Homicide Detectives and responding APD Patrol Officers, all peace officers who are credible persons. Affiant has also reviewed APD Incident Report Number 2015-3101943, which was written by other peace officers with APD.

Affiant learned that Officer Zhawn Dodson was one of the Patrol Officers who responded to the scene. Affiant observed that Officer Dodson documented in his report that on November 6, 2015, at approximately 10:15 p.m., he along with other APD Officers responded to ▇▇▇▇▇▇▇▇, Austin, Travis County, Texas, to a call of gun shots being fired. Officer Dodson documented in his report that upon arrival, he found a female victim inside of her vehicle in front of this location. Officer Dodson further documented that the victim, who was identified as Travis County District Judge Julie Kocurek, was seriously injured and had to be transported to a local hospital for treatment.

Affiant reviewed a written and sworn statement provided by witness ▓▓▓▓ to Detective Michael Crumrine. Affiant knows Detective Crumine to be a peace officer with APD. Detective Crumrine told Affiant that he interviewed an independent witness, who was identified as ▓▓▓▓, a person Detective Crumrine told Affiant he believes to be credible and reliable. Detective Crumrine told Affiant that ▓▓▓▓ told him that around the time of the shooting, ▓ had seen a gray colored sedan run a stop sign and come to a stop on Scenic Drive. Detective Crumrine told Affiant that ▓▓▓▓ told him that ▓ had reported this to law enforcement and further said that ▓ had seen at least three males with dark complexion inside the car. Detective Crumrine told Affiant that ▓▓▓▓ told him that the three males drove away from the area.

Affiant reviewed a written and sworn statement provided by witness ▓▓▓▓ to Detective Jesse Sanchez. Affiant knows Detective Sanchez to be a peace officer with APD. Detective Sanchez told Affiant that he had spoken with ▓▓▓▓, a person who Detective Sanchez told Affiant he believes is credible and reliable. Detective Sanchez told Affiant that ▓▓▓▓ told him that on Thursday, November 5, 2015, at approximately 4:00 p.m., ▓ saw an unknown black male standing outside a residence near the victim's home. Detective Sanchez told Affiant that ▓▓▓▓ told him that ▓ made eye contact with this unknown black male who then turned and began to jog away. Detective Sanchez told Affiant that ▓▓▓▓ told him that ▓ did not recognize this black male as someone that lived in this neighborhood. Detective Sanchez told Affiant that ▓▓▓▓ told him that later that same evening, at approximately 7:30 p.m., ▓ saw a gray colored sedan parked in the victim's neighborhood. Detective Sanchez told Affiant that ▓▓▓▓ told him that ▓ saw an unknown black male sitting in the driver seat of the car and another black male standing outside of the vehicle that appeared to be digging through the bushes for something. Detective Sanchez told Affiant that ▓▓▓▓ told him that ▓ also reported the vehicle had its headlights turned off and that the vehicle and the two men were gone within 10-15 minutes of being seen.

Affiant then spoke to Detective Dave Fugitt, a peace officer with APD. Detective Fugitt told Affiant that On November 9, 2015, he spoke to Manuel Fuentes, an investigator with the Travis County District Attorney's Office. Detective Fugitt told Affiant that Manuel Fuentes told him that an anonymous ▓ caller had called approximately two weeks prior. Detective Fugitt told Affiant that Manuel Fuentes told him that the caller had reported that a male named Chimene Onyeri, hereafter referred to as the Defendant, had been talking to another male about his plans of killing a Travis County District Judge. Detective Fugitt told Affiant that Manuel Fuentes told him that the caller had identified the male the Defendant had been talking to was known to the caller as ▓▓▓▓. Detective Fugitt told Affiant that Manuel Fuentes told him that the Travis County DA Investigators were unable to show the veracity of this information at that time. Detective Fugitt told Affiant that Manuel Fuentes told him that when he arrived to work on Monday (November 09, 2015), he heard several voicemail messages from a ▓ who was later positively identified as ▓▓▓▓ who was also confirmed as the prior anonymous caller. Detective Fugitt told Affiant that Manuel Fuentes told him that in these messages ▓▓▓▓ reported that Chimene Onyeri was now telling ▓▓▓▓ that he had shot the Travis County District Judge. Detective Fugitt told Affiant that Manuel Fuentes told him that he called ▓▓▓▓ who told him that Chimene Onyeri had been talking to ▓▓▓▓ and had given ▓ detailed information about the shooting and disposal of evidence. Detective Fugitt told Affiant that Manuel Fuentes told him that ▓▓▓▓ advised that Chimene Onyeri lived in Houston, Texas and had been on placed on probation by Judge Kocurek for forgery. Detective Fugitt told Affiant that Manuel Fuentes also told him that ▓▓▓▓ also told him that ▓ had personally overheard Chimene Onyeri talk about committing a murder in the Houston area.

Affiant then spoke with Investigator Mike Dykens, who is also a peace officer with the Houston Police Department, about Chimene Onyeri. Detective Israel told Affiant that Investigator Dykens told him that Chimene Onyeri was, in fact, a suspect in a Houston murder and confirmed that Chimene Onyeri was last known to drive a grey four door sedan.

Affiant learned that Chimene Onyeri had an open felony warrant out of Louisiana with an extradition request. Affiant contacted members of the US Marshals Lone Star Fugitive Task Force in hopes of locating the Chimene Onyeri. Deputy US Marshal Aaron Greenwood contacted Deputy US Marshal Cameron Welch with the Gulf Coast Task Force and gave him information on Chimene Onyeri. Deputy US Marshals Cameron Welch later

contacted Affiant and told him that he found Chimene Onyeri. Deputy US Marshals Cameron Welch told Affiant that Chimene Onyeri was the passenger of a vehicle more particularly described as a silver 2012 Dodge Charger with Texas License Plate number ███ and a Vehicle Identification Number of ███ that was observed driving up to ███ Wellington Park, Houston, Harris County, Texas. Affiant learned that the Charger was towed to the City of Houston secure parking lot located at 1300 Dart Street in Houston, Harris County, Texas for safekeeping.

Affiant learned that on November 10, 2015, Detective Anthony Nelson, a Homicide Detective with the Austin Police Department, obtained a probable cause search warrant signed by Harris County Magistrate Judge Blanca Villagomez, for the **silver 2012 Dodge Charger with Texas License Plate number** ███ **and a Vehicle Identification Number of** ███, **which was being stored at the Houston Police Department's secure parking lot located at 1300 Dart Street in Houston, Harris County, Texas. Affiant has reviewed the signed search warrant. Affiant spoke with Detective Kerry Scanlon,** a Homicide Detective with the Austin Police Department. Detective Scanlon advised that four cellular phone devices were located within the vehicle at the time of the search. Detective Scanlon advised that the four cellular phone devices can by more particularly described as: one white Samsung Galaxy Note 5, that has been broken into 3 larger pieces and multiple smaller pieces, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);




one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one black Samsung cellular "flip phone" telephone, labled "T-Mobile", tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



Affiant learned that Detective M. Crumrine took possession of the four cellular phone devices, and transferred possession of the devices to the Houston Police Department Officer T. Andrade, who tagged them as evidence in Houston Police Department Case Number 144552015, at the Houston Police Department Property Room located at 1202 Washington Street, Houston, Harris County, Texas. Affiant knows that on November 12, 2015, Houston Police Department Officer C. Cegielski took possession of the cellular devices from the Houston Police Department Property Room, and transferred them to the possession of Harris County District Attorney's Office Digital Forensic Investigator Nathan Gates, at the Harris County District Attorney's Office, located at 1201 Franklin Street, 5th Floor, Houston, Harris County, Texas.

On or about November 10, 2015, Affiant conducted a custodial interview with Chimene Onyeri, at the Houston Police Department Homicide Division, located at 1200 Travis Street, Houston, Harris County, Texas. Chimene Onyeri advised that on November 9, 2015, he believed that law enforcement officers were tracking him in his vehicle, and so he attempted to have all of the cellular phone devices in the vehicle destroyed to prevent law enforcement officers from tracking the vehicle.

Based on your Affiant's training and experience, Affiant knows that cellular phones, including "smartphones," such as the item listed herein, are capable of receiving, sending, and storing electronic data. Affiant also knows it is possible to capture videos and photos with cellular phones and other electronic devices. Further, Affiant knows from training and experience that cellular telephones are commonly utilized to communicate in a variety of ways such as text messaging, calls, and e-mail or application programs such as google talk or snapchat. The cellular telephone device, by its very nature, is easily transportable and designed to be operable hundreds of miles from its normal area of operations, providing reliable and instant communications. Affiant believes that the electronic data, incoming and outgoing telephone calls, incoming and outgoing text messaging, emails, video recordings, and subsequent voicemail messages could contain evidence related to this investigation. Furthermore, Your

Affiant knows from training and experience that current technology allows individuals to use cellular phones to remotely access the internet's vast array of information including, but not limited to, geographical information such as maps and routing directions, as well as the listed address(es) of person(s). Additionally, your affiant knows that "smartphones" may possess, in their storage, data that reveals the past locations of the cellular phone, including data stored in the form of GPS locations.

Additionally, based on your Affiant's training and experience, Affiant knows from other cases he has investigated that it is common for a suspect, in advance of criminal activity, during criminal activity, or during the immediate flight therefrom, to communicate about their motives and/or plans via text messaging, phone calls, e-mails, or through other communication programs/applications/platforms, and also to utilize an electronic device's access to the internet to research information that may play a role in the person's plan or motive for the crime to be committed. Further, based on your Affiant's training and experience, Affiant knows cellular telephones may contain information of an evidentiary nature that may show contact with someone who may have information currently unknown to law enforcement about an investigation.

Affiant requests authority from the Court to transport, remove, or take any property or evidence seized pursuant to the warrant requested herein to any location deemed necessary for purposes of safekeeping and completion of any investigation or proceedings related to the activities described in this Affidavit.

Affiant requests authority from the Court to search said items using whatever data analysis techniques appear necessary to locate and retrieve the evidence described herein, even if those techniques render the device inoperable.

WHEREFORE, PREMISE CONSIDERED, Affiant respectfully requests that a warrant issue authorizing your Affiant and any other peace officer in Harris County, Texas, to search the contents of one white Samsung Galaxy Note 5, that has been broken into 3 larger pieces and multiple smaller pieces, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one white Apple IPhone, with a cracked screen, tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



one black Samsung cellular "flip phone" telephone, labled "T-Mobile", tagged as evidence in Houston Police Department Case Number 144552015, (pictured below);



with the authority to search for and to seize and to analyze the property and items set out earlier in this affidavit.

_____
AFFIANT

Sworn to and Subscribed before me on this the 12th day of Nov., A.D. 20 15

_____
(Signature)

JAN KROCKER
(Printed name)
/184 th MAGISTRATE/ DISTRICT JUDGE
Harris County, Texas

FILED
Chris Daniel
District Clerk
NOV 16 2015
Time:_____ Harris County, Texas
By:_____ Deputy

| | |
|---|---|
| **THE STATE OF TEXAS** § | |
| | **REQUEST FOR THE SEALING OF A SEARCH WARRANT** |
| **AFFIDAVIT** | |
| | **(under seal)** |
| **THE COUNTY OF HARRIS** § | |

Pursuant to the Texas Code of Criminal Procedure (CCP), Article 18.011, I, **MATTHEW R. PENEGUY**, Assistant District Attorney, Harris County, Texas, a prosecutor who represents the State of Texas in the prosecution of felonies, respectfully requests that the search warrant affidavit of Austin Police Detective Derek Israel for the search warrant issued by _Judge Jan Krocker_ (JUDGE) for the search of items (description listed in the attached search warrant) within Houston, Harris County, Texas issued on November 12, 2015, be sealed for 30 days, from November 12, 2015, up to and until December 11, 2015.

*I believe that there is a compelling state's interest that:*

(1) public disclosure of the affidavit could jeopardize the safety of a witness, or and/or cause the destruction of evidence;

(2) public disclosure of the affidavit could jeopardize the ongoing investigation of an attempted capital murder;

*My belief is based upon the following facts:*

I have been advised by APD Detective Derek Israel, of the Austin Police Department Homicide Division, that this investigation is ongoing and some of the potential witnesses and

facts disclosed in the attached affidavit to justify the search of the location needed to be included. Thus, that information was critical to the obtainment of the search warrant. Additionally, Det. Nelson advised me, and it has been my professional experience as well, that the revealing of targets and/or details of an investigation, especially in attempted capital murder cases, causes these targets to search out additional incriminating evidence and even flee.

I also believe that the revealing of extensive facts of the investigation, as detailed in the search warrant affidavit, may lead to the destruction of evidence and may contain evidence only known to people involved, including but not limited to those witnesses.

THEREFORE, the State requests that the affidavit for a search warrant for the above-described premises be sealed for a period of 30 days. I affirm the above information is true and accurate to the best of my knowledge.

RESPECTFULLY SUBMITTED this, the 12TH day of November, 2015.

MATTHEW R. PENEGUY
Assistant District Attorney
Harris County, Texas

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | RETURN AND INVENTORY |
| COUNTY OF HARRIS | § | |

The undersigned, being a peace officer under the laws of the State of Texas, certifies that the foregoing warrant came to hand on the day it was issued and that it was executed on the 12th day of November A.D., 2015, by making the search directed therein and seizing during the search the following described property:

Digital Data

—— Nothing Follows ——

_____
OFFICER EXECUTING PROCESS