# EXHIBIT #6

D1SW15100715

SEARCH WARRANT NO: _____

| | | |
|---|---|---|
| COUNTY OF TRAVIS | § | IN THE DISTRICT COURT |
| | § | |
| STATE OF TEXAS | § | 403rd JUDICIAL DISTRICT |

## WARRANT for Electronic Customer Data

**The State of Texas: To the Sheriff or any Peace Officer of <u>TRAVIS</u> County, Texas, or any Peace Officer of the State of Texas:**

Whereas, the affiant whose name appears on the affidavit attached hereto is a peace officer under the laws of Texas and did heretofore this day subscribe and swear to said affidavit before me, and whereas I find that the verified facts stated by affiant in said affidavit show that affiant has probable cause for the belief he/she expresses herein and establishes existence of proper grounds for issuance of this Warrant for Stored Customer Data or Communications under Article 18.21, Section 5A of the Texas Code of Criminal Procedure and the reciprocating statute of:

☐ New Jersey under N.J.S.A. 2A:156A-29(e)      ☐ Florida under 92.605
☐ California under PC 1524.2                               ☐ Minnesota under 626.18
☐ Massachusetts under MGL 276, Section 1B     ☐ Washington Criminal Procedure Section 10.96
☐ Hawaii under Act 325                                        ☒ New Jersey under N.J.S.A. 2A:156A-29(e)
☐ Virginia under Criminal Procedure Section 19.2

Now, therefore, you are commanded execute this warrant by serving it upon the below-listed provider through any permissible means pursuant to the Texas Code of Criminal Procedure Article 18.21, Section 5A,:

> **T Mobile**
> **4 Sylvan Way**
> **Parsippany, New Jersey, 07054**

The employees or agents of the above-listed provider are hereby ordered to furnish the Affiant hereof with the following electronic customer data from the providers' electronic storage as required by the Texas Code of Criminal Procedure Article 18.21 and 18 U.S.C. § 2703,:

Filed in The District Court
of Travis County, Texas

NOV 1 0 2015

At _____ 2:55 P. M.

**Electronic Customer Data relating to phone number(s) (832) 335-2534 held in electronic storage by T MOBILE or its subsidiaries, agents, or assigns,**

And to seize, secure, analyze, tabulate and make return thereof according to law, the following property or things, for the time period of **October 1, 2015 through November 10, 2015** and with regard to the above listed cellular phone number(s):

direct connects/walkie-talkie details/chirp numbers, call details, caller identifications, payment information, any and all account information and/or account notes, and, cellular site records, including any and all ranging [real-time-tool (RTT)] "RTT data", "reveal" (per-call measurement data) in unabridged format call detail location records with cell site and sector (including interim, hand-off cell sites and sectors from the durations of calls), "angle from the tower" data information which may be available for up to twelve months prior to the date and time of issuance of this Order, (or the beginning of the accounts/whichever is latest) pertaining to the cellular telephones/landline telephones, voice over internet protocol (VoIP) device numbers listed on the front page of this order, or, any telephone/pager/communications device, account, email address, Internet Protocol (IP) address, etc., numbers/identifiers revealed from the original target number records.

Subsequent sections provide more technical details as to what precisely is ordered to be released for the time period authorized by this Warrant that is noted previously.

**The following involves technical language in recognition of the cellular and related technologies in use today which may have been involved in the providing of services to the target devices.** The Warrant requests the release of subscriber information, unique account and equipment identifiers (phone and equipment serial numbers), *and*, network addressing and routing information. Also requested is the release of cell site, or antenna, information for communications activity. This information typically identifies the cellular antenna used to process a communication event. This Warrant does not require the release of the contents of any communications or order the release of any real-time information or the release of any information documented after the date and time of the issuance of the Warrant.

The following is required to be provided, if available, for the dates and times specified in this Warrant:

1.) Cell sites activations, including any available ranging data [distance from tower, range to tower (RTT)], and all registration information, including signal strengths, logs, etc. (if obtainable), including any location information delivered to a public safety answering point (PSAP) pursuant to a 911 call.

2.) All outgoing and incoming communications/call detail records (CDRs), with cell sites, including all telephone numbers, chirp numbers/direct connects/walkie-talkie/Universal Fleet Mobile Identifier (UFMI) numbers, email addresses (electronic mail), Internet Protocol (IP) addresses, World Wide Web (www) addresses, dialed/communicated with (outgoing and/or incoming). This includes local and long distance telephone connection records, including all text [short message service SMS)] detail records, email detail records [including IP (Internet Protocol)] logs, email header information, and email addresses], IP connection detail records/logs, *and*, video, audio, and/or photo image transactions records, such as multimedia messaging service (MMS) (picture/video messaging) detail records/logs, sent or received, to provide dates, times, and methods of voicemail access, including all available SS7 signaling records of these communications, and, records of session times and durations.

3.) All subscriber information, including any available telephone numbers, email addresses, IP addresses (including ports), etc., and/or unique account, equipment, and/or network addressing, these may include the Electronic Serial Number (ESNs), International Mobile Subscriber Identifier (IMSIs), Temporary Mobile Subscriber Identity number (TMSI), International Mobile Equipment Identifiers (IMEIs), Mobile Equipment Identifiers (MEIDs), Mobile Station Identifiers (MSIDs), Mobile Identification Numbers (MINs), Mobile Dialed Numbers (MDN), Integrated Circuit Card IDs (ICCIDs), Personal Unlocking/Unblocking Codes (PUKs), PINs (personal identification numbers), Blackberry PINs (personal identification numbers/codes), Apple's Unique Device Identifier (ID) (UDID), and/or Media Access Control (MAC) address(es), and all billing/payment information and accounts notes, for the specified cellular/wireless telephones, and, for any other cellular/wireless telephones on the same account as the target numbers, or, any identified telephone numbers, IP addresses, UFMI numbers, email addresses, etc., revealed from the original target phone's records.

4.) If available, an engineering map; showing all cell-site antenna/tower locations, sectors, azimuths, beam widths, pilot PN (pseudo noise) offsets, and true orientations. And, a list of any and all cellular sites numbers [Local Area Codes (LACs), Cellular Identifiers (CIDs), IAP (intercept access points) system identities, repolls, switches, etc], locations, addresses, neighbor lists, etc., and/or latitude and longitude of any said sites. Also, that cellular sites lists, including latitudes and longitudes, be provided, via electronic mail, or via shipping when email is not available, in an electronic format, if available and/or possible. Furthermore, the concerned carrier(s) will provide RF (radio frequency) propagation maps/surveys and cellular antenna/tower maintenance records, and, cellular antenna/tower maintenance records procedures, upon request. These

        maps/surveys and maintenance records will be provided in electronic format, such as original color format, if available.

5.) Should the cellular/wireless number/equipment which is the current target of this Warrant have changed, during the requested period, including the MINs/MSIDs, MDNs, ESNs, MEIDs, IMEIs, IMSIs, ICCIDs, PUKs, IP addresses, UDIDs, PINs and/or MAC addresses, or combinations thereof, have been changed by the subscribers during the period of time(s) covered by this Warrant, then this Warrant will apply to any other MINs/MSIDs, MDNs, ESNs, MEIDs, IMEIs, IMSIs, ICCIDs, PUKs, IP addresses, UDIDs, PINs, email addresses, and/or MAC addresses.

6.) That, any Internet Service Provider (ISP), email company or email server entity (public or private), website hosting company, and/or website or internet service providing company and/or entity, provide any subscriber information, email addresses, email logs (with header information, but without any content such as subject lines or the body of emails), Internet Protocol (IP) logs, website addresses, etc., for any email addresses, IP addresses, user names, etc., identified from the original records pertaining to the target devices. Such as, if the original target devices' records reveal Internet activity, such as email activity, web activity, and/or other Internet connected applications, then this Warrant will also order the release of all subscriber information pertaining to user identifying, *and*, addressing and routing (transactional) information pertaining to that Internet activity (without content information) for the effective period of this order. This includes application of this Warrant to Microsoft's "Sidekick"/"Danger" products/services.

7.) Also, that, whenever possible, that the provider(s) provision, upon the specific requests of the prosecutors/officers/agents/designees, a twenty-four (24) hour switch-technician/employee/vendor to assist in providing data to comply with this Warrant and/or the interpretation of the provided data.

8.) That, with applicable formats, that the providers supply upon the specific request of the officers/agents/designees, IMSIs and IMEIs, when applicable, and also will provide TMSI information as often and/or frequent as it should have changed, if applicable and upon the specific requests of the investigating officer.

9.) That, any so ordered providers, or those possessing said information, provide any required information on demand, if possible and upon the specific request of the investigating officer. Further, that any so ordered provider(s), or those possessing said information, provide, upon the specific request of the prosecutors/officers/agents/designees, any historical geo-location services/global positioning system (GPS) data/enhanced 911 (E911) records which may be available to any involved provider(s) and/or parties.

10.) That all call/communication detail, direct connect, subscriber, numeric messages, alpha-numeric/text messages, email records, IP logs, etc., and any related records and/or access be provided, upon the specific request of prosecutors/officers/agents/designees of specific data from specific time period within the confines of this Warrant, in an electronic format specified by prosecutors/agents/officers/designees. Also, that the records/data, be forwarded via email (in a common electronic format as described in section 11) if possible, upon the specific request of the investigating officer, to the listed officer and/or his/her designees. These designees may include, but are not limited to, officers/agents/designees and/or representatives of the Austin Police Department, Travis County, Texas Sheriff's Office, Texas Department of Public Safety, United States Attorney's Office, Federal Bureau of Investigation, United States Secret Service, United States Marshals Service, United States Immigration and Customs Enforcement, United States Department of Homeland Security, United States Drug Enforcement Agency, United States Postal Inspections Service, etc.

11.) If e-mail is not available/possible, that the providers provide the required data electronically on a common storage medium, such as CD-ROM (compact disc read only memory) discs, and/or floppy discs. Also, that all providers provide, when possible and so requested, all requested data in ASCII, comma separated values (.csv), or fixed length (SDF) format. This is to include that any and all records/data will be provided in all available formats of data, upon request, to include, but not limited to, documents/files currently produced in Microsoft Word, Microsoft Excel, PDF (portable document format), CSV (comma separated value), other electronic formats, and/or pulled from such systems such as "CDR Live", "X-Mine", "CEER", and any other electronic medium that is/was in use and/or in development. All CDRs [call/communication detail records (CDRs), including IP (internet protocol) logs, email logs, etc.] will be provided in spreadsheet (Excel, CSV, etc.) format if possible. Only where this is not possible, to provide information in dark, clean typeface, machine-scanable/Optical Character Recognition (OCR) interpretable hardcopy. This includes the faxing of any necessary requested records at the highest possible quality setting. Further, that upon the specific request of prosecutors/agents/officers/designees, that any provided data, including account specific data and cellular site lists, be provided by the necessary providers in a business records affidavit format that complies with the laws of the State of Texas.

12.) Communications providers, companies, and entities are also ordered to provide any and all data and services that are ordered herein, verbally, to prosecutors/officers (or designees) if specifically requested to do so. Communications providers are also ordered to notify prosecutors/officers (or designees) if devices roamed (and what specific networks are roamed to/from) from a home/primary network to another network and it is known by the home/primary network to what roaming network the devices roamed. This includes verbally notifying prosecutors/officers (or designees) of the last known network registrations/activity for the time period specified in this Warrant. And,

if the accounts were active accounts, including if the account was inactivated or closed for non-payment, and, how many minutes and/or credits remained on prepaid type accounts. The concerned communications carriers are also ordered to retain, indefinitely, hard and soft copies of all records and/or data provided as a result of this Warrant.

13.) That any applicable communications provider is ordered to provide all addressing and routing information associated with installed applications on the target devices that are the subject of this Warrant, including but not limited to all Apple "i" products, Google Android "Market Apps", *or*, any other applications not listed herein but that are installed on said device(s).

14.) It is also ordered that all involved communications providers and associated retailers/companies are ordered to release, upon specific request, all purchase, payment (cash, credit, check, prepaid card, etc.), and activation information (even if through third parties) for all target devices, accounts, and subsequent payments, such as prepaid minute cards. This includes the specific data, time, location (including the specific store, register, clerk, etc.) that all devices, account changes, purchases, payments, etc., occurred. It is also ordered that all involved retailers (and neighboring businesses/residences) release any available surveillance video from the aforementioned transactions, both from within, and from the outside of the stores, and the area of the stores, where any of the aforementioned transactions occurred.

Finally, this Warrant will apply to any and all companies/entities which may provide and/or carry wireless/telecommunication services for the target mobile numbers/unique account identifiers/equipment, and/or, any other entity who may possess the requested information, such as Internet companies/entities. This may be required because of number portability and/or if the original carrier was modified due to roaming and/or other considerations/reasons.

Once said electronic customer data has been furnished to Affiant, herein fail not that you shall make due return thereon to this magistrate showing how you have executed same.

Issued this the ___ day of _____ 2015, at _____, AM/PM

_____
District Court Judge
Travis County, Texas

D1SW15100715

SEARCH WARRANT NO:___  _____

| | | |
|---|---|---|
| COUNTY OF TRAVIS | § | IN THE DISTRICT COURT |
| | § | |
| STATE OF TEXAS | § | 403rd JUDICIAL DISTRICT |

## AFFIDAVIT FOR SEARCH WARRANT
## FOR TELECOMMUNICATION RECORDS

**Joanna Candoli**, a detective with the **Austin Police Department** and authorized peace officer under the laws of the State of Texas, now appears under oath before the undersigned Judge and requests the issuance of a Search Warrant, to search the following:

**Electronic Customer Data relating to phone number: (832) 335-2534 held in electronic storage by:**

>T Mobile
>4 Sylvan Way
>Parsippany, New Jersey, 07054

And to there seize, secure, analyze, tabulate and make return thereof according to law, the following property or things:

to include call detail records, for the time period of October 1, 2015 through November 10, 2015 and with regard to the above listed cellular phone number(s):

> direct connects/walkie-talkie details/chirp numbers, call details, caller identifications, payment information, any and all account information and/or account notes, and, cellular site records, including any and all ranging [real-time-tool (RTT)] "RTT data", "reveal" (per-call measurement data) in unabridged format call detail location records with cell site and sector (including interim, hand-off cell sites and sectors from the durations of calls), "angle from the tower" data information which may be available for the time period specified in this warrant pertaining to the cellular telephones/landline telephones, voice over internet protocol (VoIP) device numbers listed in this warrant, or, any telephone/pager/communications device, account, email address, Internet Protocol (IP) address, etc., numbers/identifiers revealed from the original target number received in The District Court

of Travis County, Texas

NOV 1 0 2015

At 7:58 p.m.

The following facts having been sworn to by Complainant in support of the issuance of this Warrant:

Your affiant is the detective for the Austin Police Department Tactical Intelligence Unit and member of the US Marshals Lone Star Fugitive Task Force. Our unit was asked to assist the Austin Police Homicide Unit on an Attempted Capital Murder offense.

On 11/06/2015 Austin Police Officers responded to a report of a shooting at 2803 Scenic Drive, Austin, Travis County, Texas. A female victim had been shot in the driveway of her residence by a male dressed in all black. The victim, Travis County District Court Judge J. Kocurek, had just returned home from a sporting event with her family members. They did not recognize the suspect and did not know of any motive for the shooting, aside from the victim's profession. This offense is being investigated under APD case # 2015-3101943.

The victim was transported to the hospital with serious injuries and Austin Police Homicide detectives responded to assist with the investigation. A canvass of the area and interviews with neighbors yielded information that an unknown black male had been sighted in the immediate area prior to and on day of the shooting. APD 911 and 311 calls showed neighbors had made suspicious person reports of a silver sedan driving in the immediate area two days prior to the shooting and a black male wearing a mask running through yards the morning of the shooting.

Homicide investigators began researching any threats made against judges in the area. One particular threat was recent: on 10/16/2015, an unidentified female called the Travis County District Attorney's office and gave information about a male who was threatening to kill a judge. The male was identified as ONYERI, CHIMENE, black male, date of birth 10/01/1987. The caller reported she had heard ONYERI make the threat. ONYERI, who lives in Houston, Texas, had previously been arrested for fraud in Rollingwood, Travis County, Texas in 2012. ONYERI was placed on deferred adjudication for that offense. ONYERI was subsequently arrested for fraud charges in Louisiana and violated the conditions of his deferred adjudication on the Rollingwood case. On 08/29/2015 a warrant was issued for ONYERI out of Judge Kocurek's court. ONYERI's case was set on Judge Kocurek's docket for 10/7/2015 at the Travis County courthouse and the case was reset. It is unknown if ONYERI had any contact with Judge Kocurek at this time. That was the extent of the victim's dealing with ONYERI.

The female tipster called back after the shooting and ended up leaving a message on a courtroom bailiff's phone. It was not listened to until Monday 11/09/2015. She reiterated that ONYERI had threatened to shoot a judge and that ONYERI confessed to a third person that he shot the judge here in Austin.

On 11/08/2015, the USMS in Houston, along with the Houston Police Department, conducted surveillance on five addresses associated with ONYERI. ONYERI, who had an outstanding felony Larceny warrant out of Louisiana, was arrested after he was spotted in a vehicle leaving one of the addresses.

Houston Task Force officers interviewed Innocent Onyeri, the father of ONYERI. Innocent provided officers a phone number for ONYERI from the address book of his cell phone. That number, (832)-335-2534, is serviced by T Mobile. Just prior to ONYERI being taken into custody, Task Force officers observed him breaking a cell phone he had in his possession. Your affiant believes that ONYERI was aware incriminating evidence will be recovered in his phone and was attempting to destroy it.

Your affiant is requesting subscriber information and historical call detail records with locations for this number for the time frame of October 01, 2015 through November 10, 2015 in order to show the locations of ONYERI's phone. Your affiant believes the records will show whether the phone used by ONYERI traveled from Houston to Austin in October for his court case and in November around the time of the shooting.

WHEREFORE, your Affiant requests that a Judge issue a Search Warrant directing a search for and seizure of the items/property described above.

_____
Affiant

Subscribed and sworn to before me on this ___ day of _____, 2015.

_____
Presiding Judge
___ Judicial District Court Travis County Texas